IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN ROBERT JENNINGS,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY BLADES; SUSAN WESSELS; TIMOTHY McKAY; ROBERT BLACK; ROB WRIGHT; KENNETH SOLTS; MICHAEL HARTWICK; PHIL LUVISI; DENNIS FRICK; RHONDA OWENS; DAVID DEITZ; CORRECTIONAL OFFICER JANE DOE; CORRECTIONAL OFFICER JOHN DOE; and FOOD SERVICE OFFICER JANET DOE, in their individual and official capacities,<br><br>    Defendants. | Case No. 1:17-CV-060-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff's motions to appoint counsel, to electronically file, and to amend his complaint, and defendants' motions for summary judgment. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motions filed by plaintiff and grant the motions for summary judgment filed by defendants.

## LITIGATION BACKGROUND

When plaintiff Jonathan Robert Jennings filed this action, he was a prisoner in the custody of the Idaho Department of Correction ("IDOC"), incarcerated at Idaho State Correctional Center ("ISCC"). He has since been released. He claims that while

**Memorandum Decision & Order – page 1**

incarcerated, he was discriminated against because of his religious beliefs. Specifically, he claims that he was not provided food consistent with his Jewish faith unlike other inmates who were granted accommodations for their religious beliefs.

As a member of the Jewish faith, Jennings practices periodic fasting on certain days, from an hour before dawn to an hour after dusk. Because inmates are not allowed to keep a tray of food or an extra lunch after the designated mealtime, Jennings requested that defendants make available a meal for him "to consume at the end of his religious fast," and that his request was denied, even though defendants allow it for Muslim inmates during Ramadan. Jennings alleges that as a result of his decision to fast and defendants' refusal to provide him with a meal after his fasting period is concluded, he goes without food for "over 36 consecutive hours" when he decides to fast.

In addition, Jennings requested that, during the holy days of Passover, he be provided with "a tray of food to be made" that did not contain any leavened food, and that his request was denied. Because Plaintiff's religious beliefs require him to avoid leavened food during the week of Passover, he went without food for that period of time. Plaintiff alleges that Christian inmates are allowed a special meal, along with a department-wide celebration, for Christmas, but that no similar accommodation has been made for Passover. Jennings has made similar claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Idaho's Free Exercise of Religion Protected Act ("FERPA"), Idaho Code § 73-401 et seq.

The defendants filed motions for summary judgment in November of 2018. On December 3, 2018, Jennings filed a motion for an extension of time to respond, alleging

**Memorandum Decision & Order – page 2**

that he was busy with work and that his computer "freezes up and shuts down."  *See Declaration of Jennings (Dkt. No. 66-1).* The Court eventually granted that motion, effectively giving Jennings an additional three months to file his response, the new deadline being March 11, 2019.  Jennings failed to file a response by that date, and has not filed a response since that date.

## ANALYSIS

### **Motions for Summary Judgment**

The defendants argue that Jennings' claims have been resolved in another case in which Jennings was a plaintiff and IDOC employees were defendants.  *See Bartlett v. Atencio Case No. 1:17-cv-191-CWD.*  In *Bartlett,* Jennings alleged, as he has here, that the IDOC failed to accommodate his religious beliefs, and denied him his rights to freely exercise his religion, by denying his request to provide him with non-leavened food during Passover, requiring him to go without eating for 8 days.  He further claimed, as he does here, that the defendants discriminated against him because they made accommodations for different religious beliefs of other inmates.

Jennings and his fellow plaintiffs eventually entered into a settlement agreement in *Bartlett.  See Partial Settlement Agreement (Dkt. No. 32-1 in Bartlett).*  While that Agreement required the IDOC to accommodate Jennings' religious beliefs, it did not resolve his individual damage claim.  *Id.* at pg. 8.  However, about two months later, Jennings and his fellow plaintiffs accepted an Offer of Judgment for $93,000, of which Jennings received $12,000.  *See Judgment (Dkt. No. 41 in Bartlett, supra); Statement of Facts (Dkt. No. 48 in this case)* at ¶ 8.

**Memorandum Decision & Order – page 3**

Claim preclusion applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. *Cell Therapeutics, Inc. v. Lash Grp. Inc*., 586 F.3d 1204, 1212 (9th Cir. 2009). Here, there is a final judgment for $93,000, as discussed above. With regard to privity between the defendants, Jennings sued in this case six IDOC employee defendants: Blades, Wessels, McKay, Dietz, Fricks, and Luvisi. While Jennings sued different IDOC employees in *Bartlett,* the settlement agreement in *Bartlett* included the IDOC and "all of their officers, servants, employees, and all those in active concert or participation with them." *See Partial Settlement Agreement (Dkt. No. 32-1 in Bartlett).* That provision is broad enough to sweep in the IDOC employee defendants in this case under privity principles.

Jennings has also sued an additional four defendants – Black, Wright, Solts, and Hartwig – who are employees of 3 Oaks Ministries, a non-profit corporation that provided oversight of religious activities and volunteer services at the IDOC under short term contracts with IDOC. Jennings did not sue them in *Bartlett.* Nevertheless, the 3 Oaks defendants were "in active concert or participation" with the IDOC defendants in providing religious-based diets to IDOC inmates like Jennings, and are hence in privity with the IDOC for purposes of the *Bartlett* settlement.

To determine if there is an "identity of claims" between this case and *Bartlett,* the Court must look to four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether

**Memorandum Decision & Order – page 4**

substantially the same evidence is presented in the two actions. *Garity v. APWU,* 828 F.3d 848, 855 (9th Cir. 2016). The "most important" factor is whether the two suits arise out of the same transactional nucleus of facts.

Here, they do. *Bartlett* was based on the same claims brought here – that the IDOC was failing to accommodate Jewish religious dietary restrictions, violating the free exercise rights of Jewish inmates, and discriminating against Jewish inmates by accommodating other religious beliefs of other inmates. The transactional nucleus factor is satisfied here. The other factors are all present as well.

In his deposition, Jennings appears to recognize the preclusive effect of *Bartlett* and modifies his claim – he now alleges that his real complaint is the failure of defendants to provide him with four sack lunches when he broke four different fasts. *See Jennings' Deposition (Dkt. No. 64-4)* at pp. 45-46 & 106-107. But this change is quite minor. "[T]he inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *Turtle Island v. U.S.,* 673 F.3d 914, 918 (9th Cir. 2012). His sack lunch claim could have easily been brought in the *Bartlett* case because it arises from precisely the same transactional nucleus of facts. Thus, it is likewise precluded.

Moreover, as additional grounds for the dismissal of the state law claims, the plaintiff never filed a timely notice of tort claim before filing this lawsuit as required by the Idaho Tort Claims Act, and hence the state law claims against the six State defendants must be dismissed. As against the 3 Oaks defendants, neither RLUIPA nor FERPA allow for monetary damages against individuals. *See Wood v. Yordy,* 753 F.3d 899, 902-04 (9th

**Memorandum Decision & Order – page 5**

Cir. 2014) (discussing RLUIPA); *State v White,* 271 P.3d 1217, 1220 (Id.Ct.App. 2011)(holding that FERPA to be governed by Religious Freedom Restoration Act (RFRA)); *Gonzales v. O Centro,* 546 U.S. 418, 436 (2006) (holding that RFRA claims will be analyzed under the same legal standards as RLUIPA claims). The injunction claim is moot because Jennings has been released from prison. Thus, the state law claims must be dismissed against all the defendants.

**Motion to Amend Complaint**

Plaintiff seeks to amend the complaint by adding additional state defendants and alleging 17 claims. But he has never filed a timely notice of tort claim against the proposed new state defendants, and his claims are just a rehash of his original claims. Because any amendment would be futile, the Court will deny the motion to amend.

**Motion to Electronically File**

Given the rulings above, this motion is moot.

**Motion for Appointment of Counsel**

Jennings asks the Court for appointed counsel because he cannot afford to hire one. Prisoners and indigents in civil actions have no constitutional right to counsel. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). In civil cases, counsel should be appointed only in "extraordinary cases." *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986). To determine whether extraordinary circumstances exist, the Court should evaluate two factors: (1) likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of

the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these factors is dispositive, and both must be evaluated together. *Id.*

Given the Court's ruling on preclusion, the Court cannot find there is the necessary likelihood of success that would prompt appointment of counsel. Accordingly, this motion will be denied.

## Conclusion

The Court will therefore grant the defendants' motions for summary judgment, and deny Jennings' motions for appointment of counsel, to electronically file, and to amend his complaint. The Court's rulings will resolve the entire case and so the Court will enter a separate Judgment as required by Rule 58(a).

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IS IT HEREBY ORDERED, that the motion to amend (docket no. 47); motion to electronically file (docket no. 52) and the motion for appointment of counsel (docket no. 53) are DENIED.

IT IS FURTHER ORDERED, that the motions for summary judgment (docket nos. 61, 63 & 64) are GRANTED.



DATED: March 15, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

**Memorandum Decision & Order – page 8**